IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-80-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIAM LACHLIAN ORMOND, III, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court to memorialize and expand upon certain oral determinations regarding defendant's advisory guideline sentencing range made at time of sentencing, held April 5, 2017. In particular, the court sustained defendant's objection to his recommended base offense level of 22, calculated pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") §2K2.1(a)(3), premised upon one prior conviction of a crime of violence, and instead imposed a base offense level of 20, pursuant to § 2K2.1(a)(4)(B), absent prior conviction of a crime of violence.

## BACKGROUND

On June 16, 2016, defendant pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924. Prior to sentencing, the United States Probation Office (the "probation office") prepared a Presentence Investigation Report ("PSR"), which calculated defendant's criminal history category as a level III and defendant's total offense level as 19, yielding an advisory guidelines range of 37 to 46 months.

As relevant here, the probation office calculated defendant's total offense level by beginning with base offense level 22, determined pursuant to U.S.S.G. §2K2.1(a)(3). That provision applies if the defendant previously has been convicted of either a "crime of violence" or "controlled substance offense." The probation office determined that defendant's prior conviction under North Carolina law for "Assault With a Deadly Weapon Inflicting Serious Injury" (AWDWISI) qualified as a "crime of violence." (PSR ¶14 and p. 16).

Defendant objected to application of base offense level 22, under § 2K2.1(a)(3), contending his base offense level should be 20, because his prior AWDWISI conviction does not qualify properly as a "crime of violence" under § 2K2.1(a), as the term is defined in § 4B1.2(a). The court sustained defendant's objection at his original sentencing hearing in this matter, on October 6, 2016. At a second sentencing hearing held December 8, 2016, the court reversed course and accepted the recommendation in the PSR, on the basis that the court had reflected on "ever evolving" developments in the law, particularly in conjunction with an advisory guidelines calculation determined on the same date, in the case United States v. Hakeem Johnson, No. 7:15-CR-54-FL-1, 2016 WL 7168064 (E.D.N.C. Dec. 8, 2016) (hereinafter "Hakeem Johnson"). The court continued the sentencing hearing, however, for further development of the record concerning the government's motion for upward departure. Ultimately, at final sentencing hearing held April 5, 2017, the court again reconsidered the base offense level determination, calculating a base offense level 20, over the objection of the government. This memorandum opinion explains the court's basis for reaching that conclusion.

# COURT'S DISCUSSION

The court begins its analysis by using the Guidelines Manual in effect on the date that the defendant was sentenced, the most current, 2016, version of the Guidelines Manual. See U.S.S.G. § 1B1.11(a). As noted above, § 2K2.1(a) provides for a heightened base offense level where a defendant has a prior conviction for a "crime of violence." See, e.g., § 2K2.1(a)(3). Section 2K2.1 does not itself define the term "crime of violence"; rather, it cross references § 4B1.2(a). See § 2K2.1 n.1 ("'Crime of violence' has the meaning given that term in § 4B1.2 (a) and Application Note 1 of the Commentary to § 4B1.2."). Section 4B1.2(a) defines the phrase "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material. . . .

§ 4B1.2(a). Hereinafter, the court refers to subsection (1) of this definition as the "use of force" provision, and subsection (2) of this definition as the "enumerated offense" provision. The government suggests that defendant's prior AWDWISI conviction qualifies as a crime of violence either under the use of force provision or as an enumerated offense of aggravated assault. The court addresses each in turn.

With respect to the use of force provision, the Supreme Court, interpreting the identically worded provision in 18 U.S.C. §924(e)(2)(B)(I), has held that "[u]se of physical force" against another requires "a higher degree of intent than negligent or merely accidental conduct." Leocal v.

3

Ashcroft, 543 U.S. 1, 9 (2004). Likewise, the Fourth Circuit has held that mere "[r]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" United States v. Vinson, 805 F.3d 120, 125 (4th Cir. 2015) (quotations omitted); see also United States v. Travis, 149 F. Supp. 3d 596, 599 (E.D.N.C. 2016) ("defendant must have purposefully or knowingly applied the requisite force against his victim; negligently or recklessly applied force falls outside the scope of the 'use of physical force' provision"). In addition, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

This court previously has held that the offense of AWDWISI does not meet the threshold intent required to qualify as a crime of violence under the use of force clause. See United States v. Geddie, 125 F. Supp. 3d 592, 599-601 (E.D.N.C. 2015) (holding that N.C. Gen. Stat. § 14-32(b), is not a violent felony under the ACCA, because such offense lacks a specific intent element, and requires only "culpable or criminal negligence" for a conviction). Absent binding or persuasive authority to the contrary, the court continues to adhere to its ruling in Geddie on this issue. Therefore, AWDWISI does not qualify as a crime of violence under the use of force clause of § 4B1.2(a)(1).

With respect to the enumerated offense of "aggravated assault," the Fourth Circuit has held that the generic "aggravated assault" offense requires more than a mens rea of recklessness. See United States v. Barcenas-Yanez, 826 F.3d 752, 756 (4th Cir. 2016) (interpreting enumerated offense of "aggravated assault" as appearing in the definition of "crime of violence" in § 2L1.2 cmt. n. 1(B)(iii), which is identical to the operative language in § 4B1.2(a)). Thus, the court's ruling in Geddie again forecloses application of the enumerated offense provision to AWDWISI. As such,

4

AWDWISI does not qualify as a crime of violence under the enumerated offense provision of § 4B1.2(a)(2).

The government suggests that AWDWISI is a crime of violence under the use of force provision, based upon the Fourth Circuit's decision in United States v. Orozco, 579 Fed. App'x. 172 (4th Cir. 2014). There, the court concluded without analysis, and upon counsel's concession, that North Carolina "assault with a deadly weapon inflicting serious bodily injury" under N.C. Gen. Stat. § 14-32 (which includes AWDWISI), qualifies as a crime of violence under the analogous use of force clause in 18 U.S.C. § 16(a). Because Orozco includes no analysis at all, much less discussion of the authorities discussed above, including the subsequent opinion in Vinson, 805 F.3d at 125, the court does not find it persuasive to the instant analysis.

The government also suggests that AWDWISI is a crime of violence on the basis of this court's decision in Hakeem Johnson, 2016 WL 7168064. In Hakeem Johnson, however, the court did not address application of AWDWISI under the use of force provision, and the court noted that AWDWISI may not qualify as a crime of violence under the enumerated offenses provision, in light of Barcenas-Yanez, 826 F.3d at 756. See 2016 WL 7168064 at * 2, n.3. Instead, the court concluded that, applying the 2013 version of the guidelines, AWDWISI qualifies as a crime of violence under the "residual clause" in effect in 2013. Id. at *2.

The court's determination in Hakeem Johnson to apply the 2013 version of the guidelines was in error. Because Hakeem Johnson was sentenced in December 2016, and the prior version of the guidelines containing the residual clause was less favorable to him with respect to his AWDWISI prior offense, the court should have applied the 2016 version of the guidelines. See U.S.S.G. § 1B1.11; see id. comment. (backg'd) (noting that prior guideline version should apply only where

5

the new version "provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense") (quoting Peugh v. United States, 133 S.Ct. 2072, 2078 (2013)). As noted above, there is no basis to find AWDWISI as a crime of violence under the current 2016 version of the guidelines. As a result, the court rejects that erroneous portion of Hakeem Johnson pertaining to classification of AWDWISI as a crime of violence for purposes of determining the advisory guidelines range. See 2016 WL 7168064 *2.

In sum, the court applies the 2016 version of the guidelines because it is more favorable to defendant based upon the analysis above. While AWDWISI properly still qualifies as a crime of violence for defendants sentenced prior to August 1, 2016, it will not qualify for the instant defendant or for any defendants sentenced in this court going forward, absent future persuasive or controlling authority to the contrary.

## CONCLUSION

For the foregoing reasons, the court SUSTAINS defendant's objection to counting his prior conviction for AWDWISI as a crime of violence for purposes of determining base offense level under U.S.S.G. §2K2.1(a).

SO ORDERED, this the 7th day of April, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge